**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANIS AND GREGORY KAIGHN<br><br>*Plaintiffs,*<br><br>v.<br><br>DEMOCRATIC NATIONAL COMMITTEE and REPUBLICAN NATIONAL COMMITTEE,<br><br>*Defendants.* | Civil Action No. 16-8107<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiffs Janis and Gregory Kaighn's ("Plaintiffs") motion to intervene in a pending lawsuit between the Democratic National Committee ("DNC") and the Republican National Committee ("RNC"), Civil Action Number 81-3876 (the "DNC/RNC Matter").[1] The Court has considered the submission in support of Plaintiffs' motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' motion is denied.

---

[1] Because the motion to intervene was filed under a docket number different than that in the DNC/RNC Matter, the Court verbally advised counsel in that matter of the motion to intervene on November 2, 2016. The Court's notice came during an on the record telephone conference in which matters pertinent to the DNC/RNC Matter were discussed. The Court also advised counsel that they could submit their position as to the motion to intervene. To date, the Court has not received any submissions from either the DNC or the RNC.

## I. FACTS and PROCEDURAL HISTORY[2]

On October 31, 2016, Plaintiffs filed a verified complaint seeking to intervene in the DNC/RNC Matter. The DNC/RNC Matter centers on whether the RNC violated a 1982 Consent Decree, as modified in 1987 and 2009. Plaintiffs' allegations appear to have no connection to the DNC/RNC Matter and are, to say the least, unusual.

Plaintiffs' claims focus on the theory that the DNC and the RNC are part of the "Illuminati Dictatorship," which "is waging World War III against the American people for the purpose of implementing their psychotic plan to destroy the American way of life." Complaint ("Compl.") ¶¶ 2, 9. Plaintiffs allege, among other things, that (1) "the September 11, 2001 terrorist attacks were an 'inside job,'" coordinated by the "Illuminati Dictatorship, the New World Order, and the Rothschild Dynasty," (2) their "son was kidnapped by the Illuminati Conspiracy because [they] proved that [the] government has been overthrown," (3) "Donald John Trump is the Stealth Presidential Candidate of the Illuminati Dictatorship," and that "Illuminati and New World Order conspiracies [go] back to the year 1776." *Id.* ¶¶ 1, 5, 26, 56. Plaintiffs set forth numerous additional allegations of a similar nature. *See id.*

Plaintiffs state that they have intervened in this matter because "it has been litigated over a period of decades, is known to many more people, and is less susceptible to corruption tha[n] are the cases [Plaintiffs] filed in California where [they] live." *Id.* ¶ 7. Additionally, Plaintiffs allege that "Donald Trump and the Illuminati Conspiracy had to kidnap [their] son to prevent [them] from participating in the 2016 election cycle, to prevent [them] from protecting voters against false claims of voter fraud, and telling the truth to

---

[2] The facts of this matter derive solely from Plaintiffs' verified complaint. D.E. 2.

2

the country before the November 8, 2016 election." *Id.* ¶ 37. Plaintiffs go on to state that "[t]he crimes of kidnapping and holding a hostage over a political campaign are . . . forms of voter intimidation and suppression." *Id.* ¶ 38. Therefore, Plaintiffs conclude that "[t]he Consent Decree in this case has been violated and should never be allowed to expire." *Id.*

## II.   DISCUSSION

Federal Rule of Civil Procedure 24 prescribes two paths to intervene in actions pending in federal court: intervention of right and permissive intervention. Fed. R. Civ. P. 24. Rule 24(a)[3] governs intervention of right, which the Third Circuit has interpreted to provide that a non-party has a right to intervene in the pending litigation when:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citing *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987)). Each of these requirements must be met for an applicant to intervene as of right. *Id.* at 366.

The Supreme Court has stated that a "sufficient interest" is one that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). Thus, an intervenor must

---

[3] The portion of Rule 24 that deals with intervention as of right states:

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

3

establish "an interest that is specific to them, capable of definition, and will be directly effected in a substantially concrete fashion by the relief sought." *Worthington v. Bayer Healthcare LLC*, No. 11-2793, 2011 WL 6303999, at *3 (D.N.J. Dec. 15, 2011).

While it is difficult to discern Plaintiffs' interest in the present matter, they seem to suggest that Donald Trump and the Illuminati's alleged "crimes of kidnapping and holding a hostage over a political campaign are . . . forms of voter intimidation and suppression." Compl. ¶ 38. Reading Plaintiffs' complaint liberally, they seem to be asserting an interest in stopping voter suppression. Even assuming this is a sufficient interest in the present matter, this interest is already being represented by the interests of the DNC. *See DNC v. RNC*, No. 81-3876, D.E. 95 [DNC's Brief]; *see also Mountain Top Condo Ass'n*, 72 F.3d at 368-69 (quoting Wright & Miller, § 1909 at 318-19) ("If [the intervenor's] interest is identical to that of one of the present parties, or if there is a party charged by law with representing his interest, then a compelling showing should be required to demonstrate why this representation is not adequate."). Plaintiffs do not put forth any information indicating why the DNC does not adequately represent their stated interests, and therefore they fail to meet element four of the Third's Circuits test for intervention. Thus, the Court does not reach an analysis of elements two or three, although both also appear to be lacking.

The second path contemplated by Rule 24 is permissive intervention. Permissive intervention is available upon a timely motion when the movant "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties. Fed. R. Civ. P. 24(b)(3). Under this inquiry, courts often consider whether the intervenor's interests are adequately represented and whether interjection of new claims would delay the proceedings.

4

*See, e.g., Hoots v. Commonwealth of Pa.*, 672 F. 2d 1133, 1136 (3d Cir. 1982) ("[W]here, as here, the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, the district court is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be 'undue.'").

As discussed above, Plaintiffs' interests here are adequately represented by the interests of the DNC. Additionally, Plaintiffs' complaint alleges four additional claims that are not presently before the Court.[4] Given that the issues in the DNC/RNC Matter must be addressed before Election Day, Plaintiffs' additional claims would bring about undue delay in a case that has an expedited timeline. The Court therefore finds that permissive intervention is not appropriate here.

Referral to the State Bar of California

Gregory Kaighn indicates that he is a licensed attorney who has been practicing for over thirty years. Compl. ¶ 22. After Mr. Kaighn and his spouse, Janis, filed the motion to intervene, both contacted chambers on several occasions. Mr. Kaighn was apparently upset by, among other things, the fact that the Clerk's Office had assigned his motion a docket number different than that in the DNC/RNC Matter. Critically, on November 2, 2016, Mr. Kaighn left several voicemails with chambers. Besides using profanity to describe the Court, Mr. Kaighn stated several times that the undersigned and/or his staff would be "killed" or "executed." The Court

---

[4] Plaintiffs' verified complaint alleges five claims: (1) Violation of Consent Decree; (2) Conspiracy to Violate Civil Rights Under 42 U.S.C. §§ 1983, 1985(3); (3) Racketeering Influenced Corrupt Organizations Act Under 18 U.S.C. § 1961 *et seq.*; (4) International Terrorism Under 18 U.S.C. §§ 2332(b), 2332(I), 2333; and (5) Violation of Communist Control Act Under 50 U.S.C. § 841-844. Compl. ¶¶ 35-83. Counts two through five are not presently before the Court.

5

did not consider these comments in connection with the pending motion to intervene as they were irrelevant. That being said, such statements give the Court serious concern about the mental and emotional stability of Mr. Kaighn. As a result, the Court is also ordering that the Clerk refer this matter to the Character and Fitness Committee of the State Bar of California. The Court will provide copies of the voicemails to the California Bar upon request.

For the foregoing reasons, Plaintiffs' motion to intervene is denied and the Clerk is directed to refer this matter to the State Bar of California. An appropriate order shall follow.

_____
John Michael Vazquez, U.S.D.J.